

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Criminal Division*

---

*970 Broad Street, 7th floor*          973-645-2700
*Newark, New Jersey 07102*

December 3, 2015

Jack Arseneault, Esq.
Arseneault & Fassett, LLP
560 Main Street
Chatham, New Jersey 07928

Crim. No. 15-634(SDW)

Re:  Plea Agreement with Gregg Mark

Dear Mr. Arseneault:

This letter sets forth the plea agreement between your client, Gregg Mark, and the United States Attorney's Office for the District of New Jersey and the United States Department of Justice, Tax Division (collectively "this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Tax Division.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Gregg Mark to a one-count Information, which charges Gregg Mark with conspiring to defraud the United States, specifically the Internal Revenue Service ("IRS"), for tax years 2010 and 2011 by helping to prepare and file false tax returns for Marc Sorrentino and Michael Sorrentino. If Gregg Mark enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Gregg Mark for conspiring to defraud the United States for tax years 2010 and 2011, in which he conspired with Michael Sorrentino and Marc Sorrentino to defraud the United States by impeding, impairing, obstructing, and defeating, through deceitful and dishonest means, the lawful functions of the IRS. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any

dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Gregg Mark may be commenced against him, notwithstanding the expiration of the limitations period after Gregg Mark signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 371 to which Gregg Mark agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Gregg Mark is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Gregg Mark ultimately will receive.

Further, in addition to imposing any other penalty on Gregg Mark, the sentencing judge:  (1) will order Gregg Mark to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Gregg Mark to pay the costs of prosecution; and (3) pursuant to 18 U.S.C. § 3583, may require Gregg Mark to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed.  Should Gregg Mark be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Gregg Mark may be sentenced to not more than 2 years imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Gregg Mark by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Gregg Mark's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Gregg Mark agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Gregg Mark from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Gregg Mark waive certain rights to file an appeal, collateral attack, writ,

3

or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the United States Department of Justice, Tax Division and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Gregg Mark. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Gregg Mark.

No provision of this agreement shall preclude Gregg Mark from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Gregg

4

Mark received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Gregg Mark and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: JONATHAN W. ROMANKOW
Assistant United States Attorney

TINO LISELLA
Assistant Chief
U.S. Department of Justice
Tax Division

JEFFREY BENDER
Trial Attorney
U.S. Department of Justice
Tax Division

APPROVED:

JOSEPH G. MACK,
Deputy Chief, Health Care and
Government Fraud Unit

5

I have received this letter from my attorney, Jack Arseneault, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____         Date: 12/7/15
Gregg Mark

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____         Date: 12-7-15
Jack Arseneault, Esq.

Plea Agreement With Gregg Mark

Schedule A

1. This Office and Gregg Mark recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Gregg Mark nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Gregg Mark within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Gregg Mark further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2015, applies in this case. The applicable guidelines are U.S.S.G. §§ 2T1.9, 2T1.1 and 2T4.1. The parties agree that the tax loss caused by Gregg Mark is greater than $550,000 but less than $1,500,000. This corresponds to a Base Offense Level of 20.

3. Specific Offense Characteristic § 2T1.4(b)(1) applies since Gregg Mark was in the business of preparing or assisting in the preparation of tax returns. This results in an increase of 2 levels.

4. As of the date of this letter, Gregg Mark has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Gregg Mark's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Gregg Mark has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Gregg Mark's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Gregg Mark enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Gregg Mark's acceptance of responsibility has continued through the date of sentencing and Gregg Mark therefore

7

qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Gregg Mark's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Gregg Mark is 19 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

8. Gregg Mark knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.